# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| PENNY G. FLARIDA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-00063 |
| | ) CHIEF JUDGE CRENSHAW |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court affirm the final decision of the Commissioner. (Doc. No. 16.) Plaintiff filed timely objections. (Doc. No. 17.) After a de novo review of the record, the Objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**.

Plaintiff has two objections to the Report and Recommendation: (1) that the ALJ did not afford Dr. Larry Turner proper deference, and (2) substantial evidence does not support the ALJ's conclusion that she can do light work. (Doc. No. 17.) Regarding Dr. Turner's evaluation, Plaintiff argues that she had two radical surgery procedures during the pendency of the claim. (Id. at 1.) She also argues that the ALJ's decision to credit the state agency examiners is not supported by substantial evidence because the examiners did not review Dr. Turner's medical assessment. (Id.)[1] The Magistrate Judge held and analyzed that the ALJ discounted Dr. Turner's opinion as against

---

[1] All of Plaintiff's objections are conclusory, with no citations to the record. The Court attempts to consider these objections, despite not being required to consider conclusory objections under Local Rule 72.03(b). However, the statement that "Dr. Turner's restrictions on sitting and standing are well supported by the medical evidence in the record," without any citation to the record, is wholly inadequate for the Court to consider.

the weight of the evidence as a whole and against the weight of his own objective findings, even after those two surgery procedures. (Doc. No. 16 at 14-16; Doc. No. 10 at 23-25.) The Report and Recommendation contains supporting citations to the record, and the Court adopts its reasoning in overruling this objection.

Plaintiff's second objection, that she cannot do light work, is based on her difficulty gripping objects. (Doc. No. 17 at 2.) Social Security Ruling 85-15 states that "loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work." It further explains that, depending on the degree of loss, it "may require a decisionmaker to have the assistance of a [Vocational Specialist]." Here, the ALJ used the testimony of a Vocational Specialist at the evidentiary hearing to conclude she can do light work.

To the extent this objection could be interpreted as objecting to the ALJ's Residual Functional Capacity assessment, finding "no manipulative . . ."limitations" (Doc. No. 10 at 21), that objection is also overruled. Plaintiff relies on a December 5, 2012 surgery on her left wrist. (Doc. No. 10 at 420.) On February 8, 2013, Dr. Johnson opined that Plaintiff had "full range of the shoulders, elbows, and wrists bilaterally," and her dexterity was "equal and intact." (Doc. No. 10 at 428; 431.) There is no evidence that her surgery was only "marginally successful," and the ALJ discounted Plaintiff's testimony as not credible, finding specifically that "she was found to have normal grip strength both before and after undergoing treatment for a left wrist ganglion cyst." (Doc. No. 10 at 27.) The Court agrees, adopts, and incorporates herein the Report and Recommendation's analysis finding the ALJ's credibility determination is supported by substantial evidence. (Doc. No. 16 at 17-22.)

For the foregoing reasons, Plaintiff's Objections (Doc. No. 17) are **OVERRULED**, the Report and Recommendation (Doc. No. 16) is **ADOPTED**, Plaintiff's Motion for Judgment on the Record (Doc. No. 12) is **DENIED**, and the final decision of the Commissioner is **AFFIRMED**. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE